Filed 3/9/21  P. v. Barraza  CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B303268 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA019275) |
| v. | |
| JOSE ANGEL BARRAZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Jose Angel Barraza of voluntary manslaughter and found true the allegation he personally used a firearm within the meaning of Penal Code former section 12022.5, subdivision (a).[1]  The trial court sentenced Barraza to the upper term of 11 years, plus the upper term of five years for the firearm enhancement.  Barraza appealed, arguing, among other things, the trial court committed evidentiary error and violated the prohibition in section 1170, subdivision (b), against the "dual use" of aggravating facts to impose the upper term and an enhancement.  We affirmed his conviction, and without deciding the dual use issue, directed the trial court to exercise its discretion under section 12022.5 whether to strike the firearm enhancement, observing that the dual use issue would become moot if the court struck the enhancement.  On remand the trial court declined to strike the enhancement.

Barraza appeals again, arguing the trial court improperly relied on the same aggravating facts to impose the upper term for manslaughter and to impose the firearm enhancement.  Because Barraza did not object to the trial court's discretionary sentencing choices, however, he forfeited his argument.  Therefore, we affirm.

---

[1]     Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Barraza, and the Trial Court Considers Mitigating and Aggravating Facts Before Sentencing Him*

In 1993 Barraza shot and killed Roberto Delgado at a party. Barraza fled to Mexico and was detained 22 years later while crossing the border into the United States. The People charged Barraza with murder and alleged he personally used a firearm within the meaning of former section 12022.5, subdivision (a). A jury found Barraza guilty of the lesser included offense of voluntary manslaughter and found true the allegation he used a firearm.

Before sentencing Barraza, the trial court found there were no mitigating factors. The court found, however, there were several aggravating factors: Barraza "brought a gun to a party," "shot [Delgado] at close range," and "fled." The court also stated the crime "involved some planning because [Barraza] brought a gun," "had to arm himself" with a gun, and "had to use" the gun. Finding there was no "real justification . . . for anything other than [upper] term," the trial court sentenced Barraza to the upper term of 11 years.

Regarding the firearm use allegation, the trial court selected the upper term of five years and stated "the same factors in aggravation apply." The court stated that it was aware it could not use the same aggravating facts "repeatedly," but that "there are many" aggravating factors and that "the fact that the firearm was used at close range for no apparent reason . . .

3

justifies [the upper term] for that also." The trial court sentenced Barraza to an aggregate prison term of 16 years.[2]

B. *Barraza Appealed, and This Court Remanded To Allow the Trial Court To Exercise Its Discretion Whether To Strike the Enhancement*

Barraza appealed. Among various challenges to his conviction and sentence, he argued the trial court violated section 1170, subdivision (b), by using the same facts to impose the firearm enhancement and to impose the upper term on his conviction for voluntary manslaughter and that the trial court should have an opportunity to exercise its newly authorized discretion under section 12022.5 to strike the firearm enhancement.

Because we remanded for the trial court to exercise its discretion whether to strike the firearm enhancement, we did not reach the issue of whether the trial court improperly used the same fact to impose the upper term and the enhancement. Nevertheless, we observed that several of the facts the trial court relied on to impose the upper term involved firearm use and that one factor the court mentioned that did not—fleeing the jurisdiction—"is not generally an aggravating circumstance" under the California Rules of Court. We also stated that another

---

[2] At the time Barraza committed his crime in 1993, section 12022.5, subdivision (a), provided for a firearm use enhancement of three, four, or five years. In 1994 the Legislature amended the statute to increase the upper term to 10 years. (*People v. Hall* (1994) 8 Cal.4th 950, 954-955, fn. 3; see Stats. 1989, ch. 18, § 3, ch. 19, § 2, ch. 1044, § 5 & ch. 1167, § 5; Stats. 1993-1994, 1st Ex. Sess., ch. 31, § 3, p. 8650 & ch. 33, § 6, p. 8677.)

aggravating factor the trial court mentioned—the crime "involved some planning"—could justify imposing the upper term and the firearm enhancement without violating section 1170, subdivision (b), but that the fact the trial court identified as indicating planning—Barraza "brought and used a gun"— again involved firearm use and came "pretty close to the dual use line." (*Barraza I*, *supra*, B283526.) We suggested: "If the court does not strike the firearm enhancement, the court will have an opportunity to clarify the reasons for its sentencing choices." (*People v. Barraza* (Mar. 18, 2019, B283526) [nonpub. opn.] (*Barraza I*).)

> C.     *The Trial Court Declines To Strike the Firearm Use Enhancement and Imposes the Same Sentence*

No one took the suggestion. At the resentencing hearing, the trial court declined to strike the firearm enhancement, stating: "I believe that at the [original sentencing hearing] I did find circumstances in aggravation. The statute requires personal use. But I also think that Mr. Barraza, in my opinion, unnecessarily armed himself to go to this event. And I believed that, and the fact that he then fled the jurisdiction for another country, posed circumstances in aggravation. And I stand by that belief. I'm going to leave the sentence as it was previously imposed." Counsel for Barraza did not ask the trial court to clarify the reasons for the court's sentencing choices or otherwise object the court used the same fact to impose the upper term for the manslaughter conviction and the firearm enhancement.

Counsel for Barraza, however, did ask the court to recalculate Barraza's custody credits. The court stated Barraza would need to "bring that up" with the Department of Corrections

5

and Rehabilitation. Counsel urged the court "to address" the issue of Barraza's custody credits, but the court again declined to do so and stated it did not have jurisdiction to review an administrative decision. The court also stated that, should the Department deny Barraza's request for additional custody credits, he "would have other remedies available to him."

Barraza appealed again.

## DISCUSSION

Barraza argues the trial court erred in relying on the same fact in imposing the upper term on his voluntary manslaughter conviction and imposing the firearm enhancement under former section 12022.5. The People contend Barraza forfeited this argument by failing to object. The law and the record support the People.

A. *Applicable Law*

As we explained in *Barraza I*, section 1170 prohibits a court from using the same fact to impose both the upper term on a conviction and an enhancement on that conviction. But a court may use the same fact to impose the upper term on a conviction and the upper term on an enhancement. And only a single aggravating factor is necessary to make it lawful for the trial court to impose the upper term. (*Barraza I*, *supra*, B283526; see *People v. Chism* (2014) 58 Cal.4th 1266, 1336; *People v. Scott* (1994) 9 Cal.4th 331, 350; *People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182.)

As a general rule, a defendant who fails to object "to a purportedly erroneous ruling forfeits the right to challenge that

6

ruling on appeal." (*People v. Anderson* (2020) 9 Cal.5th 946, 961; see *People v. Trujillo* (2015) 60 Cal.4th 850, 856 ["'the forfeiture rule applies in the context of sentencing as in other areas of criminal law'"].) "'[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' are subject to forfeiture, including 'cases . . . in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.'" (*People v. Boyce* (2014) 59 Cal.4th 672, 730-731; see *Trujillo*, at p. 856 ["claims of error in the trial court's exercise of its sentencing discretion are . . . forfeited if not raised at the sentencing hearing"]; *People v. Scott, supra*, 9 Cal.4th at p. 353 [forfeiture "should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

"'The reason for [the forfeiture] rule is that "[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided."'" (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1101; see *People v. French* (2008) 43 Cal.4th 36, 46.) Although reviewing courts may excuse ""parties for failing to raise an issue at trial where an objection would have been futile"" (*People v. Perez* (2020) 9 Cal.5th 1, 7-8; accord, *People v. Montes* (2021) 59 Cal.App.5th 1107, 1119), the futility exception to the forfeiture rule generally applies in "extreme case[s]" and "unusual circumstances" (*People v. Riel* (2000) 22 Cal.4th 1153, 1212, italics omitted; accord, *People v. Wilson* (2005) 36 Cal.4th 309, 337, fn. 6; see *People v. Lima* (2020) 49 Cal.App.5th 523, 534 [futility exception to forfeiture "applies

7

in 'unusual' or 'extreme' circumstances"], review granted on another issue Aug. 19, 2020, S263048).

B. *Barraza Forfeited His Argument the Trial Court Erred by Relying on the Same Fact To Impose the Upper Term and the Enhancement*

Barraza concedes he did not object that the trial court used the same fact to impose the upper term for his conviction for voluntary manslaughter and to impose the firearm enhancement. He argues, however, his forfeiture is excused because it would have been futile for him to object on that ground. Barraza argues that "any objection would have been futile because the entire basis for the resentencing hearing was this Court's prior decision in this case, detailing the potential dual use problem, and calling to the court's attention the inherent flaws in the aggravating factors on which it initially relied" and that, "if the trial judge did not heed the warning from this Court, a further objection by defense counsel would have been even less persuasive."

Not exactly. In *Barraza I* we directed the trial court to exercise sentencing discretion it did not previously have under section 12022.5. As Barraza recognizes, "[d]espite identifying the potential error, this Court remanded for resentencing on a different issue, recognizing the 'dual use' issue would become moot if the trial judge struck" the enhancement. That our opinion suggested the trial court could clarify its reasons for its sentencing choices did not relieve Barraza from having to object in order to preserve his argument for this appeal. (See *People v. Trujillo*, *supra*, 60 Cal.4th at p. 858 [defendant has the burden at sentencing to object that the trial court did not comply with the statutory requirements for imposing the costs of probation "as a

8

prerequisite to challenging" those costs on appeal]; *People v. Sperling*, *supra*, 12 Cal.App.5th at p. 1101 ["a defendant cannot remain mute while the trial court states its reasons for imposing a sentence and then on appeal claim that its statement of reasons was defective"]; *People v. Velasquez* (2007) 152 Cal.App.4th 1503, 1511 [by failing to object, the defendant forfeited his argument the trial court erred in failing to state its reasons for imposing the upper term on a conviction for assault with a firearm and a firearm enhancement].)

Moreover, the circumstances of the resentencing hearing here were the opposite of futility: Our opinion in *Barraza I* included an invitation for Barraza to challenge, and the trial court to revisit, the portion of his sentence he contended violated section 1170, subdivision (b). And counsel for Barraza recognized it was not futile to argue the court should consider aspects of Barraza's sentence other than the firearm enhancement by raising, and obtaining a ruling on, the issue of Barraza's custody credits. (See *People v. Boyce, supra*, 59 Cal.4th at p. 731 [forfeiture rule applies when the sentencing court provides "a meaningful opportunity to object"]; *People v. Velasquez, supra*, 152 Cal.App.4th at p. 1511 [defendant forfeited the argument the trial court erred in imposing an upper term where counsel did not object, even though "counsel was well aware of the court's sentencing choices and had a meaningful opportunity to object"].)[3]

---

[3] Barraza does not argue his trial counsel provided ineffective assistance in failing to object at resentencing.

C.  *Discretionary Review Is Not Warranted*

Finally, Barraza argues that, even if he forfeited his argument under section 1170, subdivision (b), this court should exercise discretion to reach the issue.  "It is well settled that an appellate court may decide an otherwise forfeited claim where the trial court has made an error affecting 'an important issue of constitutional law or a substantial right.'"  (*People v. Anderson, supra*, 9 Cal.5th at p. 963; accord, *People v. Delavega* (2021) 59 Cal.App.5th 1074, 1086.)

Exercising such discretion is not appropriate here.  We identified the dual use issue in our opinion in *Barraza I*, Barraza had the opportunity to raise the issue with the trial court, Barraza did not object at the sentencing hearing, and the trial court did not impose an unauthorized sentence.  (See *People v. Trujillo, supra*, 60 Cal.4th at p. 858 ["'[a]lthough the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing'"]; *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [an "appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue"].)  Barraza's assertion the trial court may have used the same fact to impose the upper term on his conviction and the firearm enhancement raises an issue of trial court discretion based on facts unique to his case, not an important issue of constitutional or statutory law.  Contrary to Barraza's suggestion, the issue is not "one of law," where there was "nothing that [he] or the trial court could have or would have done differently had the objection been made," but one of discretion.  (See *People v. Clancey* (2013) 56 Cal.4th 562, 579 ["[w]ithin the limits set forth by the Legislature, a trial court has

broad discretion to decide whether . . . to select the upper, middle, or lower term of imprisonment"].)

## DISPOSITION

The judgment is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


MCCORMICK, J.*

---

\*      Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.