Filed 6/21/21  P. v. Padilla CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO ROSAS PADILLA,<br><br>    Defendant and Appellant. | H047710<br>(Santa Clara County<br>Super. Ct. No. F1871191) |

A jury convicted appellant Arturo Rosas Padilla of committing multiple sexual offenses against a young girl.  Padilla argues the trial court abused its discretion when it elected to run his sentences consecutively to one another despite his lack of criminal history.  For the reasons set forth below, we conclude the trial court did not abuse its discretion and affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

A.  *Procedural Background*

In March 2019, the Santa Clara County District Attorney filed an information charging Padilla with two counts of committing a lewd or lascivious act on a child under 14 years of age by force, violence, duress, menace, or fear (Pen. Code, § 288, subd.

(b)(1);[1] counts 1 & 3) and two counts of oral copulation or sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b); counts 2 & 4).[2]

In September 2019, the jury found Padilla guilty of all counts.

B. *Facts of the Offenses*

Jane Doe, who was 10 years old when she testified at Padilla's trial, lived in the same apartment complex as Padilla. Doe would go to Padilla's apartment after school while her mother was at work. When Doe was five or six years old, Padilla told Doe he had candy for her, brought her into his bedroom, had her lie down on a bed, pulled down her pants and underwear and touched Doe's "private parts" with his mouth and his fingers. Padilla lifted Doe onto the bed, grabbed a belt, put it on the side of the bed, and told her he would hit her with the belt if she did not listen to him. Doe did not leave the room because she was frightened Padilla would hit her with the belt. Padilla told her not to tell anyone what had happened. In total, Padilla touched Doe's private parts on four or five separate occasions.

Doe told her mother what Padilla had done to her, but Doe did not want to go to the police because she was scared. Several years later, Doe and her mother decided to inform the police. After Doe reported the crime, she experienced a lot of stress and fear. Doe told her mother that Doe feels what Padilla did to her was Doe's fault and she would rather be dead.

C. *Sentencing*

In November 2019, the trial court conducted Padilla's sentencing hearing. The trial court stated that the Penal Code and the California Rules of Court establish the rules that it had to follow. The court indicated that it was inclined to impose the maximum

---

[1] Unspecified statutory references are to the Penal Code.
[2] The same person is the alleged victim in all counts of the information. To protect the victim's privacy, we will refer to her as Jane Doe or Doe. (Cal. Rules of Court, rule 8.90(b)(4).)

sentence but would hear from the parties before making a final decision. It suggested it would not give great weight to Padilla's lack of criminal history. The court observed, "The fact that someone has not previously committed any crime, let alone these crimes, to me is really very little weight. [¶] It is technically a mitigator, but we live our lives protecting children supposedly and not injuring them. So I recognize the technical existence of that mitigator. It has virtually no value to me in my assessment."

Padilla objected to the trial court's tentative sentence and characterized it as "erroneous." Padilla noted that he was 58 years old, had a first-grade education, enjoyed family support (including that of his grandchildren), and had no prior criminal record. Padilla cited the results of the "Static-99 R" test for risk of reoffending contained in the probation report, which suggested that Padilla was at low risk of recidivism. Padilla noted that if the court were to impose a 15-year sentence, Padilla would be out of custody in his 70s and would not pose a public safety risk. Padilla pointed out that he had turned himself in to the police once he learned of the charges. Padilla requested that the trial court impose concurrent rather than consecutive sentences, for an aggregate term of 15 years to life.

After hearing from Padilla, the trial court stated that it found the aggravated term for counts 1 and 3 (which it ultimately stayed pursuant to section 654) was appropriate because Doe was particularly vulnerable and Padilla took advantage of the position of trust he enjoyed over her. The trial court specifically referenced California Rules of Court, rule 4.421(a)(3) and (a)(11)[3] when electing to impose these aggravated terms. With respect to counts 2 and 4, the trial court stated that it would impose consecutive sentences because "there are multiple acts on the same individual." The court gave Padilla's lack of a prior criminal record "virtually no weight."

---

[3] Unspecified rule references are to the California Rules of Court.

The trial court observed, "It's hard to think of a crime that is worse than the kind of crimes that Mr. Padilla stands convicted of.  A child who remains courageous even today in standing up in a courtroom in front of people is something that adults cannot do under the best of circumstances.  [¶]  Nonetheless, [Doe] is going to be living with this every day.  She still lives in the neighborhood.  People who were her friends are interacting with her on a regular basis.  [¶]  And as she grows into adulthood, I'm sure she will have that courage with her, but she will always be facing these realities, if not every day, fairly regularly.  So for all of those reasons, I think it is abundantly clear that Counts 2 and 4 should be consecutive to each other."

At the conclusion of the sentencing hearing, the trial court sentenced Padilla to 15 years to life on count 2 and 15 years to life on count 4, to be served consecutively to count 2 and awarded 330 days of custody credits.  The trial court imposed 10 years each on counts 1 and 3 and stayed them pursuant to section 654.  Padilla's aggregate term was 30 years to life.

## II.  DISCUSSION

On appeal, Padilla argues the trial court abused its discretion when it sentenced him without appropriately considering the mitigating factors that Padilla had no criminal record of any kind, had received a " 'zero' " score on the Static-99 risk assessment test, had no history of sexual misconduct with any other child, had cooperated fully in the criminal process, and enjoyed strong familial ties.  Padilla maintains that the consecutive prison sentence amounts to "the functional equivalent of life without the possibility of parole."[4]

Padilla also contends the trial court abused its discretion when the sole factor it cited for its decision to impose consecutive sentences was that his crimes against Doe occurred on separate occasions, which he describes as a violation of the principle set out

[4] We grant Padilla's unopposed request to take judicial notice of the life expectancy table he filed with this court.

4

in rule 4.425(b)(3) that an element of the crime may not be used to impose consecutive sentences. Padilla requests that we modify his sentence to order that the sentences on counts 2 and 4 run concurrently instead of consecutively.

We disagree with Padilla that the trial court abused its discretion in sentencing him to consecutive terms. "It is well established that a trial court has discretion to determine whether several sentences are to run concurrently or consecutively. (Pen. Code, § 669; [citation].) In the absence of a clear showing of abuse, the trial court's discretion in this respect is not to be disturbed on appeal. [Citation.] Discretion is abused when the court exceeds the bounds of reason, all of the circumstances being considered." (*People v. Bradford* (1976) 17 Cal.3d 8, 20.)

In deciding whether to impose consecutive terms, the trial court may consider aggravating and mitigating factors, but there is no requirement that to impose consecutive terms the court must find that an aggravating circumstance exists. (See § 669; rule 4.425(a), (b).) Beyond the articulation of a reason for imposing consecutive sentences, described further below, the trial court need not make factual findings to justify its decision to sentence consecutively. (*People v. Black* (2007) 41 Cal.4th 799, 822.)

A trial court is required to state its reasons for imposing consecutive terms (rule 4.406(b)(5)), but "[o]nly one criterion is necessary." (*People v. King* (2010) 183 Cal.App.4th 1281, 1323.) " 'The trial court is required to determine whether a sentence shall be consecutive or concurrent but is not required to presume in favor of concurrent sentencing. [Citations.] If it has faithfully applied the sentencing rules, the only other question is whether, all circumstances considered, the trial court's decision exceeds the bounds of reason.' " (*People v. Reneaux* (2020) 50 Cal.App.5th 852, 874.)

Here, the trial court considered the probation report, the arguments of counsel, the victim's statement, submissions from Padilla's family members, and Padilla's age. The court, having presided over the jury trial, was aware of the full evidentiary record and facts of the case. In addition, the trial court referred several times during the sentencing

5

hearing to the rules of court, and we must presume that the trial court was aware of and followed the applicable law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

Among the criteria listed by the relevant rule of court for imposing a consecutive sentence is that "[t]he crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Rule 4.425(a)(3).) During the sentencing hearing, the trial court articulated its reason for choosing consecutive terms, finding Padilla committed distinct criminal acts against Doe. The trial court's conclusion was supported by Doe's trial testimony that Padilla touched her private parts on four or five separate occasions. Therefore, the trial court relied upon a factor explicitly described in rule 4.425(a)(3) when justifying its decision to impose consecutive sentences.

Padilla asserts that the trial court abused its discretion by not appropriately considering the mitigating factors. However, " '[t]he court is presumed to have considered all relevant factors unless the record affirmatively shows the contrary.' " (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1102.) The trial court stated on the record that it had considered all the materials submitted by Padilla, and Padilla has not established otherwise. The record contains substantial evidence that the trial court relied on a proper aggravating factor, and we infer that the trial court concluded that this aggravating factor outweighed any mitigating factors. On the record before us, we cannot conclude this decision exceeded the bounds of reason such that the trial court's decision to impose consecutive terms constitutes an abuse of discretion.

Padilla also contends the trial court erred by relying on the fact that Padilla had committed his crimes at different times when electing to impose consecutive sentences because this factor was an element of the offense. Padilla emphasizes that, because the prosecution elected to charge Padilla's offenses against the victim in separate counts, the jury necessarily found that they had been committed on separate occasions.

6

In making this argument, Padilla relies on rule 4.425(b)(3), which provides that "[a] fact that is an element of the crime may not be used to impose consecutive sentences." (Rule 4.425(a)(3).) Nevertheless, Padilla does not explain how the element articulated in the relevant rule of court upon which the trial court did rely—namely "[t]he crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior" (rule 4.425(a)(3))—is an element of any of the crimes for which the jury convicted Padilla.

The jury was informed that counts 1 and 2 were based on the same incident and counts 3 and 4 were "based on a separate alleged incident different than the one charged in [c]ounts 1 and 2." However, the jury was not required to make any finding about the time period separating the offenses; indeed, they were instructed that the People had alleged that all four crimes were committed on or about or between January 1, 2014, and January 1, 2017, and the People were required to prove only that the crime in each count happened reasonably close to that time period. The factor as articulated in the rule of court upon which the trial court relied was not an element of any of the crimes of conviction. Consequently, Padilla has not shown the trial court violated rule 4.425(b)(3) in electing to impose consecutive sentences.

## III. DISPOSITION

The judgment is affirmed.

_____
Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H047710**
*People v. Padilla*