Filed 8/6/21  P. v. Westcolvin CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MALIQUE ISSAC WESTCOLVIN,<br><br>        Defendant and Appellant. | A158309<br><br>(Solano County<br>Super. Ct. No.<br>FCR346267) |

In July 2019, Vacaville police officers arrested defendant Malique Issac Westcolvin, who was out on parole, after they found a pistol in an automobile under his control.  Defendant was charged with one count of unlawful possession of a firearm by a person under 30 years of age previously adjudged a ward of the court (Pen. Code, § 29820, subd. (b)).  The complaint further alleged a prior strike.

Defendant pleaded no contest to the count as charged, and the district attorney moved to dismiss the strike.  The trial court granted the motion and placed defendant on three years' probation, subject to various terms and

1

conditions. Defendant challenges several of these conditions. We order the modification of the search condition, but otherwise affirm.[1]

DISCUSSION

***Standard of Review***

"[W]e ' "review conditions of probation for abuse of discretion." ' [Citation.] Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) Under *Lent*,[2] " '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P.*, at p. 1118.) " '[A]ll three prongs must be satisfied before a reviewing court will invalidate a probation term.' " [3] (*Ricardo P.*, at p. 1118.)

***No Alcohol Condition***

The trial court ordered defendant "to totally abstain from the use of alcohol, illegal drugs and marijuana" for the duration of his probation.

---

[1]  Upon defendant's request, the trial court granted a certificate of probable cause related to the "conditions of probation as not being reasonably related to the offense," specifically, the conditions of "abstention to marijuana and alcohol . . . and any testing and search clause" condition.

[2]  *People v. Lent* (1975) 15 Cal.3d 481, superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6.

[3]  In defendant's reply brief, he asserts "probation conditions must be reviewed consistently with rehabilitation principles as reflected with the passage of [Assembly Bill No.] 1950 [(2019-2020 Reg. Sess.)]." Assembly Bill No. 1950 (2019-2020 Reg. Sess.) "amended [Penal Code] section 1203.1 to limit the maximum probation term a trial court is authorized to impose for most felony offenses to two years." (*People v. Sims* (2021) 59 Cal.App.5th

2

Defendant contends this condition is unreasonable under *Lent* because it is not conduct which is reasonably related to future criminality.

Defendant's challenge fails on the record. Despite defendant's contention that "nothing in [his] history indicates he committed any crimes while under the influence of alcohol or marijuana," in fact, defendant had previously reported he committed his prior offense, robbery, after having consumed alcohol. Moreover, he committed this offense while on parole for that crime. Accordingly, criminal conduct while under the influence was reasonably of concern to the court, and the alcohol prohibition condition cannot be said to be an abuse of discretion.

### No Marijuana Use Condition

Defendant likewise challenges the no marijuana use condition, claiming his acknowledged use bears no relation to the crime to which he plead no contest. He further claims the court's concern about defendant's " 'success on probation' " is actually an overbroad concern that defendant obey all laws, as there is nothing in the record suggesting he has committed a crime while under the influence of marijuana.

Defendant correctly states that "*Lent's* third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality," and that a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition" must exist. (*Ricardo P., supra*, 7 Cal.5th at pp. 1121-1122.) Still, we may not reweigh the trial court's credibility findings regarding whether or not the restriction condition is reasonably related to

---

943, 947.) Accordingly, the bill's limitation is on the "maximum duration of felony probation terms," not on the trial court's discretion to impose probation conditions. (*Ibid*.)

3

defendant's future criminality. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1099, fn. 2.) Additionally, even if a reasonable judge could have reached a different determination, if the sentencing judge's determination does not exceed the bounds of reason, then it will still be upheld. (*Ricardo P.*, at p. 1118.)

Despite defendant's assertion that he has had no prior convictions regarding marijuana, specifically, he does have a history of questionable substance use and abuse. The probation report stated defendant reported having a medical marijuana card "for anxiety." However, defendant offered no evidence substantiating his claim of anxiety sufficient to require medicinal treatment. (See *People v. Moret* (2009) 180 Cal.App.4th 839, 848.) He also admitted that, while on parole, he smoked marijuana at a rate of "5-10 Backwoods cigars laced with marijuana per day" and that his longest period of "abstention outside of incarceration" had been for 30 days. Additionally, even though defendant, while he was on parole, was not allowed to have any involvement with his family's marijuana operation, he did so anyway.

The trial court stated it imposed the conditions regarding controlled substances because of defendant's young age and "his rehabilitation efforts would be enhanced if he was able to maintain sobriety." The trial court based this in part on his "long history . . . of use of these substances, before the age of which he was legally allowed to do so," finding that he had not "developed a lifestyle for a mature attitude about the use of controlled substances" and that it "would be a detriment to his success on probation and his future efforts at rehabilitation to continue down this road." Indeed, when defendant was taken into custody, he stated that he was not " 'doing the things [he] planned to do' " while he was on parole and that he was using his incarceration for the instant offense to self-reflect.

Given defendant's statements, history of questionable substance use, the relation of his family's business to marijuana, and the trial court's rationale, it cannot be said that the no marijuana condition was an abuse of discretion.

***Compassionate Use Card Restriction Condition***

Next, defendant challenges the condition that he not "obtain a medical marijuana card without prior court approval." He contends the trial court failed to apply the three-step *Leal*[4] inquiry prior to imposing the condition.

The *Leal* inquiry includes (1) examining "the validity of any [Compassionate Use Act of 1996 (CUA)] authorization;" (2) applying the "threshold *Lent* test for interfering with such authorization;" and (3) consideration of "competing policies governing the exercise of discretion to restrict CUA use." (*Leal, supra*, 210 Cal.App.4th at p. 837.)

Defendant maintains inquiry one is "satisfied on this record," but inquiries two and three are not. Specifically, defendant asserts any "future-criminality nexus to medical marijuana use would be remote and attenuated," and the court never engaged in the "balancing of needs."

Although defendant objected to the "marijuana restrictions," he did not specifically object to the medical marijuana card condition and the issue has been forfeited. (See *People v. Welch* (1993) 5 Cal.4th 228, 237.)

Even assuming no forfeiture, this challenge also fails on the record. Defendant's assertion that the condition fails the second *Leal* inquiry fails for all the reasons we have just discussed in connection with the no use condition.

Turning to the third *Leal* inquiry, "[t]he requisite balancing contemplates a judicial assessment of medical need and efficacy based upon

---

[4] *People v. Leal* (2012) 210 Cal.App.4th 829, 844 (*Leal*).

5

evidence: the defendant's medical history, the gravity of his or her ailment, the testimony of experts or otherwise qualified witnesses, conventional credibility assessments, the drawing of inferences, and perhaps even medical opinions at odds with that of the defendant's authorizing physician." (*Leal, supra,* 210 Cal.App.4th at p. 844.)

There was a complete paucity of evidence as to defendant's asserted medicinal need for marijuana. Further, the trial court found defendant's marijuana use, and use of other drugs before he was legally allowed to do so, would be, "a detriment to his success on probation and his future efforts at rehabilitation" if he were to "continue down this road." The record thus supports a reasonable inference that the court did not credit defendant's statement to probation that he used marijuana for legitimate medical reasons. (See *Leal, supra,* 210 Cal.App.4th at p. 842 [concluding the defendant was hiding behind his compassionate use card to engage in illegal aspects of marijuana business].) Furthermore, this condition does not foreclose defendant's access to medical marijuana completely. Thus, if defendant is able to show that he has a medical need for marijuana, then he may be allowed to obtain and use a medical marijuana card.

Thus, based on the record here, including the frequency and volume of usage of marijuana by defendant and his involvement in his family's marijuana grow business, we cannot say the compassionate use card restriction was an abuse of discretion.

## Search Condition

Defendant also challenges the search condition requiring him to "submit his person, real or personal property, automobile, and any object under his control to search and seizure, in and out of his presence, as requested by any peace or probation officer, at any time of the day or night,

6

with or without cause, notice, consent or warrant." He maintains this language is broad enough to include any electronic search of any device, thus rendering the condition impermissibly overbroad.

Recognizing his failure to object to this condition in the trial court forfeits his challenge, defendant instead maintains his counsel's failure to object constituted ineffective assistance of counsel.

We need not consider defendant's IAC claim, however, as the Attorney General effectively concedes the search condition, as stated, is overbroad. He states the "box for electronic search was deliberately unchecked and there is no mention of electronic search conditions in the body of the probation conditions list."

The Attorney General is correct as to the record. We therefore order the language of the condition modified to clarify that it does not extend to electronic searches. (See *Ricardo P., supra,* 7 Cal.5th at p. 1124.)

***Counseling and Therapy Condition***

Defendant lastly challenges the condition requiring him to attend and successfully complete counseling and therapy as may be directed by probation, specifically any cognitive behavioral therapy, drug classes or AAs or NAs that they may deem necessary. Defendant maintains this condition is a facially unconstitutional delegation of judicial power.

Defendant acknowledges he also failed to object to this condition. But to the extent it is a facial challenge, it has not been forfeited. (See *People v. Patton* (2019) 41 Cal.App.5th 934, 946.)

Defendant specifically objects to the language that the probation officer may direct defendant to undergo certain programs, citing to *In re Pedro Q.* (1989) 209 Cal.App.3d 1368 for the proposition that a probation officer may not add new conditions of probation. In that case, months after the

7

defendant was placed on probation, the probation officer unilaterally restricted the defendant's travel. (*Id.* at p. 1372.) However, here the trial court imposed the challenged condition, and that condition does not give the probation officer unfettered discretion to impose an additional condition.

Defendant also relies on *People v. Penoli* (1996) 46 Cal.App.4th 298 (*Penoli*). In that case, the defendant challenged a condition allowing the probation department to "unilaterally select a residential drug rehabilitation program and determine whether defendant successfully completed that program." (*Id.* at p. 307.) The court upheld the condition against a delegation challenge, stating "any attempt to specify a particular program at or prior to sentencing would pose serious practical difficulties. The trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability. The specified program may decline to accept the defendant, for instance, or may be unable to do so for reasons as mundane as lack of space." (*Id.* at p. 308.) The court acknowledged there were ways in which probation's role could be more defined, such as by the court specifying the duration of the rehabilitation program, or having probation make several specific program recommendations. (*Ibid.*) But that did not render the condition constitutionally infirm. The delegation at issue did not "place the defendant completely at the mercy of the probation department." (*Ibid.*) Moreover, the defendant could seek "judicial intervention—by moving to modify the probation order, if nothing else—if and when the probation officer seeks to exercise the delegated authority." (*Ibid.*)

The court also rejected a vagueness challenge, pointing out the record reflected that defense counsel was aware of the nature of drug rehabilitation programs.  It also observed that if probation determined the defendant was not in compliance, it was ultimately, the court that would determine whether or not that, in fact, was the case.  (*Penoli, supra,* 46 Cal.App.4th at pp. 309-310.)

Defendant forthrightly acknowledges that in *Penoli,* the court upheld the challenged condition.  But he maintains the condition here grants probation far more discretion, and that the concerns the court articulated in *Penoli* are manifest here.

However, given that the record here evidences reasonable concerns about defendant's use and abuse of multiple substances, we do not consider the challenged probation condition materially different than that in *Penoli*. Moreover, as the Attorney General points out, in not requiring that defendant attend any one of the particular types of programs identified, the condition ensures that the probation officer will assess defendant's *specific* treatment needs, thereby best assisting him in gaining control of his substance abuse issues.  It also spares defendant from being required to attend any one of these types of programs that may not, upon further assessment, be of benefit to him.  The probation officer has *no* authority to require defendant to attend programs of any kind other than as identified by the court.  We therefore conclude that, on this record, the condition is not constitutionally infirm.

## DISPOSITION

We modify the warrantless search condition to read as follows: "Defendant is to submit his person, real or personal property, automobile, and any object under his control to search and seizure, in and out of his presence, except computers, electronic devices, and cellular devices, as

9

requested by any peace or probation officer, at any time of the day or night, with or without cause, notice consent, or warrant." In all other respects, the judgment affirmed.

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Margulies, J.

A158309, People v. Westcolvin

11