Filed 1/27/22  P. v. Hover CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>JAMES MICHAEL HOVER,<br><br>    Defendant and Appellant. | A163219<br><br>(Sonoma County<br>Super. Ct. No. SCR-745012-1) |

James Michael Hover appeals from an aggregate prison term of six years imposed after he pled no contest to assault with a deadly weapon (car) and leaving the scene of an accident and admitted an enhancement allegation for great bodily injury.  (Pen. Code, § 245, subd. (a)(1), 12022.7, subd. (a); Veh. Code, § 20001, subd. (a).)  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

I.  *FACTS AND PROCEDURAL HISTORY*

During the early morning of March 19, 2021, Corey Gamboa was straddling his motorcycle while talking with another man on a roadway under an overpass near a transient camp.  Appellant, then 28 years old, drove his silver Subaru toward them and struck Gamboa while the other man jumped out of the way.  Appellant did not stop and crashed into a fence before

1

fleeing the scene. Gamboa was hospitalized with injuries to his right leg. Appellant, who was homeless and abused drugs, had had prior disputes with Gamboa, but told the investigating officers that he had not tried to hit Gamboa with his car.

Appellant was charged with attempted premediated murder, assault with a deadly weapon and leaving the scene of an accident, along with an enhancement for great bodily injury. (Pen. Code, §§ 664/187, subd. (a), 245, subd. (a)(1), 12022.7, subd. (a); Veh. Code, § 20001, subd. (a).) Before a preliminary hearing was held, appellant pled no contest to assault with a deadly weapon and leaving the scene of an accident and admitted the great bodily injury enhancement. It was an open plea with no agreement as to sentence, which carried a maximum term of seven years, eight months. The attempted murder count was dismissed as a condition of the plea.

At sentencing, the People argued in favor of a seven-year prison term, the amount recommended by the probation department. Appellant urged the court to place him on probation, citing a head injury and drug addiction as mitigating factors. The court imposed the three-year middle term for assault with a deadly weapon, a three-year term for the great bodily injury enhancement, and a concurrent two-year middle term for leaving the scene of an accident, for an aggregate sentence of six years. It cited a number of factors in aggravation, including that the crime involved great violence, that appellant's vehicle had been used as a weapon, that Gamboa was vulnerable at the time of the collision, that appellant was an active participant, and that appellant had a criminal history involving driving (driving under the influence and driving on a suspended license). The court found that these factors warranted the middle term on the assault count when weighed against the factors in mitigation, which included the lack of a serious record

2

or past offenses involving violence, as well as appellant's plea at an early stage of the proceedings.

Appellant filed a notice of appeal indicating that he was challenging sentencing or other matters occurring after the plea. He did not obtain a certificate of probable cause.

## II. *DISCUSSION*

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that appellant has been advised of his right to file a supplemental brief, and that appellant did not file such a brief. We have independently reviewed the entire record for potential error and find none.

The trial court acted within its discretion in denying probation. (*People v. Moran* (2016) 1 Cal.5th 398, 402.) There is no indication the trial court failed to consider any relevant mitigating factors or abused its discretion in selecting the middle term of imprisonment, and indeed, the middle term is now the presumptive prison term. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1102; Pen. Code, § 1170, subd. (b)(1).) In any event, appellant did not object to the court's recitation of aggravating and mitigating factors and has forfeited any challenge on this basis. (*Sperling*, at pp. 1100–1102.)

Appellant was over 26 years of age when he committed the crime in this case and it does not appear from the record that he has experienced "psychological, physical or childhood trauma" or was the victim of intimate partner violence. (See § 1170, subd. (b)(6)(A)–(C).) He therefore is not entitled to resentencing due to the ameliorative effect of section 1170, subdivision (b)(6), effective January 1, 2022, which makes the lower term the presumptive term when these circumstances contribute to commission of

3

the offense.  (See *People v. Flores*  (Jan. 13, 2022, A160578) ___ Cal.App.5th ____ [2022 Cal.App. Lexis 26*, *12].)

We are satisfied that appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

### III.  *DISPOSITION*

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

BURNS, J.

*People v. Hover* / A163219

5