Filed 3/30/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IAN ALEXANDER HENDERSON et al.,<br><br>    Defendants and Appellants. | D076200<br><br>(Super. Ct. Nos.<br>  FSB17002568, FSB17002569)<br><br>ORDER DENYING REHEARING<br>AND MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The petition for rehearing is denied.

It is ordered that the opinion filed herein on March 13, 2020, be modified as follows:

On page 24, the name "Hernandez" is removed from the second full paragraph and replaced with the name "Henderson" so that the paragraph now reads:

> Because we are vacating Henderson's sentence and remanding for further sentencing proceedings, we need not decide whether the trial court abused or was within its broad discretion in imposing a concurrent prison term on count 2. (*People v. Clancey* (2013) 56 Cal.4th 562, 579 [court has broad discretion to decide whether to run prison terms on multiple offenses concurrently or consecutively].)  On remand, the trial court must resentence Henderson after deciding whether to exercise its discretion to strike his five-year prior serious felony enhancement (see part VI, *post*).  If the court elects consecutive sentences it must state reasons for its decision.  (*People v. Sperling* (2017) 12 Cal.App.5th

1094, 1103 ["A trial court is required to state its reasons for imposing consecutive sentences"]; see Cal. Rules of Court, rule 4.406(b)(5).) And while "[o]nly one criterion or factor in aggravation is necessary to support a consecutive sentence" (*People v. Davis* (1995) 10 Cal.4th 463, 552; see *People v. King* (2010) 183 Cal.App.4th 1281, 1323), the trial court is precluded from using the same facts to impose a consecutive sentence and otherwise enhance Henderson's prison sentence. (See Cal. Rules of Court, rule 4.425(b)(1).)

On page 36, the name "Hernandez" is removed from the disposition and replaced

with the name "Henderson" so that the disposition now reads:

"The sentences of Henderson and Marks are vacated and the matters remanded with directions that the trial court resentence both defendants and in doing so determine (1) whether to impose a consecutive or concurrent sentence for Henderson's count 2 conviction; and (2) whether to strike Henderson's and Marks's five-year enhancement under Penal Code sections 667, subdivision (a)(1) and 1385. In all other respects the judgments are affirmed."

There is no change in the judgment.

BENKE, Acting P. J.

Copies to: All parties

2