Filed 5/20/22  P. v. Gonzalez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOVANNY GONZALEZ,<br><br>        Defendant and Appellant. | B314809<br><br>(Los Angeles County<br>Super. Ct. No. MA072383) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed and remanded with instructions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant, Jovanny Gonzalez, a member of the Midtown Criminals, and his fellow gang member shot and killed a rival gang member, Armando Reyes. (*People v. Gonzalez* (Apr. 10, 2020, B296206) [nonpub. opn.] (*Gonzalez*) at pp. 3, 6.) In a tape-recorded conversation with an informant, Gonzalez said, " '[W]e smoked him' " and confirmed Gonzalez himself was the shooter. (*Id*. at p. 9.) Gonzalez indicated he did not shoot Reyes's girlfriend, who was at the scene, because his " 'bullets were empty.' " (*Ibid*.)

This is defendant's second appeal. In the first appeal, we reversed the conviction for the attempted murder of Reyes's girlfriend. We affirmed Gonzalez's numerous other convictions, including the conviction for the first degree murder of Reyes. Following remand, the People elected not to retry defendant on the second degree murder charge, and the trial court resentenced defendant.

In the current appeal, defendant argues when the trial court resentenced him and imposed a Penal Code[1] section 12022.53, subdivision (d) firearm enhancement, the trial court did not understand it had discretion to impose an uncharged firearm enhancement under section 12022.53, subdivision (b) or (c). Defendant argues we must remand the matter the trial court to exercise that discretion. Following *People v. McDavid* (2022) 77 Cal.App.5th 763 (*McDavid*), we conclude defendant is entitled to retroactive application of the Supreme Court's opinion in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which held that a trial court has discretion to impose a lesser uncharged firearm enhancement. We remand the

---

[1] Undesignated statutory citations are to the Penal Code.

2

case for the trial court to exercise its discretion to determine whether to impose a lesser firearm enhancement and otherwise affirm.

## BACKGROUND

The jury convicted defendant of the first degree murder of Reyes and found true the gang enhancement and the allegation that Gonzalez personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (d). The jury also found true the allegation that a principal personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (d) and (e)(1).

The jury convicted defendant of the attempted murder of Reyes's girlfriend and found true several enhancements attached to that charge.

The jury found Gonzalez guilty of shooting at an occupied vehicle and found as true the gang allegation on that count. The jury also found defendant personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (d) and a principal personally and intentionally discharged a firearm within the meaning of section 12022.5, subdivisions (d) and (e)(1). "[T]he jury found Gonzalez guilty of two counts of possession of a firearm by a felon, for one of which a gang allegation was found true, and of two counts of unlawful possession of ammunition; only one count included a gang allegation, which the jury found true." (*Gonzalez, supra,* B296206.)

"Gonzalez admitted that he suffered a prior conviction for robbery. He also admitted that it was a serious and violent felony, and that it qualified under sections 667, subdivision (a) and 667.5, subdivision (b)." (*Gonzalez, supra,* B296206.)

3

At the original sentencing hearing, the trial court found it was not in the interest of justice to strike the prior strike allegation. The court explained: "At age 15, he had a sustained petition for robbery. At age 15, he had a sustained petition for burglary. He suffered the adult conviction for robbery." The court continued: "He was paroled on February 26th of 2016. Three months after being discharged from that parole, he picked up a misdemeanor domestic violence offense. And then . . . this offense." The court emphasized that defendant was the actual shooter in this case.

The trial court further explained: "There's nothing in the facts of this case, which involves Mr. Gonzalez as the actual shooter, and all of the things that led up to it, as well as his criminal history which would make the court believe that it would be in the interest of justice to strike any of those charges." The court sentenced Gonzalez to an indeterminate term of 100 years to life and a determinate term of 30 years 4 months.

In April 2020, this court reversed the attempted murder conviction and remanded the case to the trial court for a possible retrial and resentencing. The People elected not to retry the attempted murder.

The trial court resentenced defendant on August 27, 2021. For the murder conviction, the court sentenced defendant to 80 years to life consisting of a 25-year-to-life term doubled pursuant to section 667, subdivisions (b)–(j) and 25 years to life for the section 12022.53, subdivision (d) firearm enhancement and five years for the section 667, subdivision (a) enhancement. The court struck the gang enhancement and the section 12022.53, subdivision (e) enhancement.

For possession of a firearm by a felon (on a date different from the murder), the trial court sentenced defendant to the upper term of three years doubled pursuant to section 667, subdivisions (b)–(j).  The court stayed its sentence pursuant to section 654 on the remaining counts.

At the resentencing hearing, defense counsel asked the court to strike the section 667, subdivision (a) enhancement.  The court indicated, "[I]f you want to be heard on why it would be in the interest of justice, I'll certainly hear you."  Defense counsel stated, "Your Honor, I'm just going to make the motion and submit it."

The court explained:  "I heard the evidence in this case, including the actions of Mr. Gonzalez, who . . . was the actual shooter, who I would describe as someone who very deliberately targeted a rival gang member . . . ."  The court continued:  "He has a history in the adult and juvenile system . . . . He basically [has] chosen this life style, and repeatedly committed these crimes . . . ."  The court indicated, "I don't believe I can make a finding that it would be in the interest of justice to strike that 667(a) allegation, so I am going to reimpose that 5-years."  Defendant timely appealed.

## DISCUSSION

On appeal, defendant argues that the court did not understand it had discretion to impose a 20-year enhancement (§ 12022.53, subd. (c)) or a 10-year enhancement (*id.*, subd. (b)) instead of the 25-year-term imposed pursuant to section 12022.53, subdivision (d).  Defendant argues that the case should be remanded to the trial court to permit the trial court to exercise its discretion.  The Attorney General argues the claim is forfeited, the record does not affirmatively show the trial court

5

misunderstood its discretion, and defendant did not suffer prejudice from the alleged error.  We disagree.

As amended in 2018, section 12022.53, subdivision (h) affords a trial court discretion to dismiss a personal gun use enhancement.  Section 12022.53, subdivision (h) provides:  "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.  The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

Defendant's resentencing hearing occurred in August 2021.  At that time, there was a split of appellate authority over whether the power to strike or dismiss a section 12022.53, subdivision (d) enhancement includes the power to reduce the enhancement to a lesser included enhancement.  *People v. Morrison* (2019) 34 Cal.App.5th 217 held that a trial court could strike a section 12022.53, subdivision (d) enhancement and impose a lesser uncharged firearm enhancement.  (*Morrison*, at pp. 220, 223.)  *Morrison* explained:  "The [trial] court had the discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome was found to be in the interests of justice under section 1385."  (*Morrison*, at p. 223.)  This district reached the opposite conclusion in *People v. Garcia* (2020) 46 Cal.App.5th 786, which on April 20, 2022, the Supreme Court ordered to be vacated and depublished.

The Supreme Court resolved this split of authority in January 2022, after defendant's resentencing hearing.  In *Tirado, supra*, 12 Cal.5th 688, the high court held a trial court may

6

"strike the section 12022.53(d) enhancement found true by the jury and . . . impose a lesser uncharged statutory enhancement instead. (*Tirado*, at p. 692.) The high court observed "*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado*, at p. 697.)

Although the Attorney General correctly cites the general rule that the failure to raise a discretionary sentencing issue in the trial court forfeits that issue on appeal (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100–1101), the general rule is inapplicable here. As *McDavid* explains, "because *Tirado* resolved a split of authority among the Courts of Appeal . . . , *Tirado* applies retrospectively to [defendant's] nonfinal judgment and, therefore, remand for resentencing is required regardless of any forfeiture." (*McDavid, supra*, 77 Cal.App.5th at p. 772.) Here, as in *McDavid*, defendant's judgment was not final and he is entitled to the retrospective application of *Tirado*. (*McDavid*, at p. 772.)

The general presumption that the trial court applied the correct law, also relied on by the Attorney General, does not pertain here because "the law in question was unclear or uncertain when the lower court acted ([citations])." (*People v. Jeffers* (1987) 43 Cal.3d 984, 1000.) The silent record thus requires remand to the trial court to exercise its discretion because the record does not demonstrate the trial court anticipated the *Tirado* decision and understood the scope of its discretion.

Although, as the Attorney General points out, the trial court declined to strike other enhancements, the record does not conclusively show whether the trial court would have nonetheless imposed a lesser firearm enhancement. "Remand is required

7

unless the record reveals a clear indication that the trial court would not have reduced the sentence even if at the time of sentencing it had the discretion to do so.  [Citation.]  Without such a clear indication of a trial court's intent, remand is required when the trial court is unaware of its sentencing choices."  (*People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110.)  The record here contains no such clear indication of the trial court's intent.

We remand the case to the trial court to conduct another resentencing hearing at which it shall exercise its discretion whether or not to strike the section 12022.53 subdivision (d) enhancement, and instead impose a lesser albeit uncharged enhancement, "if the factual elements for those lesser included enhancements were alleged in the information and found true by the jury . . . ."  (*McDavid, supra*, 77 Cal.App.5th at p. 775.)  We express no opinion on how the trial court should exercise its discretion.

## DISPOSITION

The sentence imposed August 27, 2021 is vacated and the case is remanded for the limited purpose of allowing the trial court to exercise its discretion whether to strike the Penal Code section 12022.53, subdivision (d) enhancement and impose a lesser uncharged enhancement. In all other respects the judgment is affirmed. If the court modifies its sentence, it shall amend the abstract of judgment and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

MORI, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9