Filed 10/21/22 P. v. Walton CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072770 |
| v. | (Super.Ct.No. INF039223) |
| DEMETRIUS CLAYTON WALTON, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Meredith S. White, Lynne G. McGinnis and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Demetrius Clayton Walton, filed a petition for resentencing pursuant to former Penal Code section 1170.95,[1] which the court denied. On appeal, defendant contended the court committed structural error in denying his petition without allowing him the opportunity to file a reply brief. By opinion dated November 2, 2020, we affirmed, holding that the jury's felony-murder special-circumstance finding against defendant rendered the court's failure to allow him to file a reply harmless.

On September 28, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). On September 29, 2022, we ordered our decision vacated and set a briefing schedule.

Defendant argues that (1) the court violated his constitutional right to due process by summarily denying his petition without affording him an opportunity to file a reply to the People's response; and (2) that under *Strong*, the jury's true finding on the felony-murder special-circumstance allegation rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) does not preclude him from making a prima facie case for relief.

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

The People concede that due to the decision in *Strong*, the court's error in denying defendant the opportunity to file a reply brief can no longer be deemed harmless. Thus, the People agree the matter must be remanded for further proceedings. We reverse and remand the matter for reconsideration.

## I. PROCEDURAL BACKGROUND[2]

On September 11, 2002, "a jury convicted [defendant] of (1) first degree murder with robbery and burglary felony-murder special circumstance[s], (2) first degree robbery and (3) first degree burglary. The jury found a principal was armed in the commission of the offenses." (*Owens et al.*, *supra*, E033148, fn. omitted.)

The court sentenced defendant to one year plus life without the possibility of parole. (*Owens et al.*, *supra*, E033148.) Defendant appealed; this court affirmed. (*Ibid.*)

On January 7, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95. On February 21, the People filed an application to file opposition to the petition in excess of the page limitation. The court granted the application and filed the People's response that day. The People argued in their response that former section 1170.95 was unconstitutional on several bases. The People additionally argued defendant was ineligible for relief under former section 1170.95 because the jury found true, as a requisite finding of the special circumstances, that he was a major participant in

---

[2] On July 15, 2019, we granted defendant's request for judicial notice filed June 26, 2019, and took judicial notice of our nonpublished opinion in *People v. Owens et al.* (Apr. 12, 2005, E033148) [nonpub. opn.] (*Owens et al.*). We exclude a recitation of the facts here as irrelevant to the issues raised on appeal.

the murder and acted with reckless indifference to human life. On March 11, the court sent notice of a status conference setting to the People and the public defender's office.

On March 15, 2019, the court held a hearing on the petition. Defense counsel noted that defendant's reply brief was "due March 21, by my calculation. I would ask for April 19th."[3] The court noted: "In this particular matter, the jury was instructed on aider and abettor liability. The jury was also instructed on [the] felony-murder rule. The jury was further instructed pursuant to CALJIC 8.80.1." The court observed that the jury found both the burglary-murder and robbery-murder special circumstances true against defendant. The court then summarily denied the petition.

## II. DISCUSSION

Defendant argues that (1) the court violated his constitutional right to due process by summarily denying his petition without affording him an opportunity to file a reply to the response;[4] and (2) that under *Strong*, the jury's true finding on the felony-murder

---

[3] Counsel for defendant informed the court, "As a matter of serendipity, I was [defendant's] appellate counsel."

[4] To the extent the People suggested in their original brief that defendant forfeited the issue since his "counsel did not ask for time to file a reply or make any argument at the hearing," we disagree. Defense counsel expressly noted that his reply was not due until six days later. We interpret counsel's next statement, "I would ask for April 19th," as a request for an extension to file the reply or, at the very least, a request to continue the hearing beyond the date for filing the reply. Counsel again stated, "We would ask for April 19th, your Honor." We regard defense counsel's statements as a preemptive objection to any summary denial. Thereafter, the court did not offer defense counsel any opportunity to respond to the court's stated reasons for the summary denial, which was based upon the argument made in the People's opposition. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1101-1102 [parties do not forfeit an issue if the court below failed to give them any meaningful opportunity to object].) Thus, defendant has not forfeited the issue.

4

special-circumstance allegation rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) does not preclude him from making a prima facie case for relief. We agree.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "As a general matter, a trial court should afford both parties the opportunity to brief the question of a petitioner's eligibility for relief and may extend the briefing deadlines 'for good cause' as necessary

to ensure that such an opportunity is meaningful." (*Lewis*, *supra*, 11 Cal.5th at p. 966, fn. 4.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)[5] "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid*.)

Where a defendant's "case was tried before both *Banks* and *Clark*, . . . special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

---

[5] The Legislature amended former section 1170.95 effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) "The amendment . . . codifies certain holdings in *Lewis* . . . ." (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 568, fn. 2, review granted Mar. 23, 2022, S273159.)

If, instead, a defendant has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, "the court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Id.* at p. 709.) "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Id.* at p. 710.)

Here, the jury rendered the special murder circumstance findings long before both *Banks* and *Clark* were decided. Thus, with respect to those findings, "no judge or jury has ever found the *currently* required degree of culpability . . . ." (*Strong*, *supra*, 13 Cal.5th at p. 718, italics added.) Contrary to our initial determination, the special murder circumstance findings rendered by the jury against defendant do not, alone, render him per se ineligible for relief. Therefore, the court below erred in denying defendant's petition on that basis. Thus, the matter must be remanded for a new prima

7

facie hearing prior to which defendant should be given the opportunity, if he so elects, to file a reply to any response filed by the People.

## III. DISPOSITION

The order dismissing defendant's petition is reversed. The matter is remanded with directions to hold a new prima facie hearing. We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
_____
Acting P. J.

We concur:


FIELDS
_____
J.


MENETREZ
_____
J.

8