Filed 3/21/24  In re J.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | C098606 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.A.,<br><br>Defendant and Appellant. | (Super. Ct. No. 23JQ00768) |

The minor J.A. appeals a judgment entered after his admission to battery with great bodily injury and the juvenile court's determination he had discharged a firearm at an occupied motor vehicle and assaulted six victims with a firearm.  The court found he

1

was a ward of the court (Welf. & Inst. Code, § 602)[1] and imposed a fine in the amount of $1,000. His sole contention on appeal is that remand for further proceedings is required because: (1) it is unclear under what authority the juvenile court imposed the $1,000 fine; and (2) assuming the fine was imposed under section 730.6, subdivision (b), there is no express indication the trial court considered his ability to pay. We will affirm.

## I. BACKGROUND

The juvenile wardship petition alleged the minor committed discharge of a firearm at an occupied motor vehicle (Pen. Code, § 246—count I); assault with a firearm (Pen. Code, § 245, subd. (a)(2)—counts II-VII); and battery causing serious bodily injury (Pen. Code, §§ 242, 243, subd. (d)—count VIII). The petition also alleged the minor inflicted great bodily injury during the commission of count VIII.

On March 2, 2023, the minor admitted the truth of count VIII, and in exchange, the court dismissed the enhancement allegation. The remaining counts were set for a contested jurisdictional hearing.

At the April 11, 2023, contested jurisdictional hearing, the People presented evidence that the minor, who was a passenger in a car, repeatedly shot a black revolver at another car occupied by six people. The juvenile court found true the allegations that the minor had committed counts I through VII, and the matter was set for a dispositional hearing.

At the May 18, 2023, dispositional hearing, the juvenile court declared all counts to be felonies, declared the minor a ward of the court, and committed him for treatment at the Maxine Singer Youth Guidance Center for a period not to exceed one year. The court also determined the minor's maximum term, awarded custody credits, and found that reasonable efforts had been made to prevent his removal from his home. Finally, the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

juvenile court imposed a $1,000 restitution fine and placed the minor on probation under certain specified terms and conditions.

This court construed the minor's premature notice of appeal filed from the April 11, 2023 jurisdictional determination, as being filed immediately after the entry of the disposition order (the effective judgment in a juvenile criminal matter).

## II. DISCUSSION

The minor's arguments on appeal concern the propriety of the $1,000 restitution fine imposed at the disposition hearing. His first contention that the fine was imposed under ambiguous authority is not supported by the record. Rather, the juvenile court's oral pronouncement and corresponding signed order clearly imposed a $1,000 *restitution fine* for which the minor and his parent(s) would be responsible. This restitution fine was mandatory pursuant to section 730.6, subdivision (b), which provides: "If a minor is found to be a person described in Section 602, the court shall impose a separate and additional restitution fine." Moreover, the $1,000 imposed is within the authorized statutory range. (§ 730.6, subd. (b)(1) [authorizing a fine that "shall not be less than one hundred dollars ($100) and not more than one thousand dollars ($1,000)"].) Thus, this court discerns no ambiguity for the statutory basis for this authorized restitution fine.

The minor nonetheless argues the juvenile court's failure to expressly consider his ability to pay the $1,000 restitution fine requires reversal to allow the court to conduct this inquiry. We disagree.

Absent an indication otherwise, we presume the juvenile court performed its duty to impose the restitution fine in an authorized manner. (See, e.g., *In re M.B.* (2020) 44 Cal.App.5th 281, 283; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1102.) There is no indication in the record that the juvenile court failed to consider the minor's ability to pay when setting his restitution fine at the statutory maximum. (§ 730.6, subds. (b)(1), (d).) Moreover, the minor bore the burden of demonstrating a lack of ability to pay (§ 730.6, subd. (d)(2)), and the minor's failure to object on this basis has forfeited this

3

argument on appeal. (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) Finally, the statute itself expressly disavows a requirement that the juvenile court make findings concerning the factors considered in setting the amount of the restitution fine. (§ 730.6, subd. (e) ["Express findings of the court as to the factors bearing on the amount of the fine shall not be required"].) Accordingly, this claim fails.

## III. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MAURO, J.