Filed 3/6/26  P. v. Hernandez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B344622 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA110022) |
| v. | |
| GEORGE HERNANDEZ, | |
| Defendant and Appellant. | |

THE COURT:

George Hernandez appeals the judgment entered following his resentencing hearing under Penal Code[1] section 1172.75.  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no issues, and appellant then filed a supplemental letter brief.  The judgment is affirmed.

---

[1] Undesignated references are to the Penal Code.

## BACKGROUND[2]

In June of 2015, appellant went into a trailer and stabbed a man 41 times in the head, chest, arms, and legs, killing him. A jury convicted him of second degree murder (§ 187, subd. (a)) and found true a weapon enhancement (§ 12022, subd. (b)(1)). Appellant admitted to having two prior strikes (§§ 667, subds. (b)–(j) & 1170.12, subds. (a)–(d)), one of which was a prior "serious" felony (§ 667, subd. (a)), and four other prior prison terms (§ 667.5, subd. (b)(1)). The trial court sentenced him to 55 years to life, consisting of 45 years to life (15 years tripled under sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i)); one year for the weapon enhancement; one year for each of the four prior prison terms; and five years for the serious prior felony. His conviction was affirmed on direct appeal. (*People v. Hernandez, supra*, B283270.)

In 2022, the California Department of Corrections and Rehabilitation identified appellant as eligible for relief under section 1172.75, and the trial court appointed counsel for appellant in 2023. Appellant requested a full resentencing, asking the court to strike the four now invalid prior prison terms, and also to strike one of his prior strikes and dismiss all other enhancements.[3] Appellant urged that his age (55 years old), the

---

[2] These facts are drawn from the opinion affirming the conviction on direct appeal. (*People v. Hernandez* (Feb. 28, 2019, B283270) [nonpub. opn.].)

[3] In the motion for full resentencing, appellant had asked for the court to strike both prior strikes, for a sentence reduced to 15 years to life, but defense counsel changed course at the hearing.

fact that the prior strikes occurred 37 years ago, and appellant's postconviction conduct all weighed in favor of reducing his sentence to 30 years to life.

The trial court convened the resentencing hearing on March 10, 2025, at which it struck the four prior prison term enhancements and the five-year serious prior felony but declined to further reduce appellant's sentence. His resulting sentence is 46 years to life.

## DISCUSSION

**1.    Section 1172.75 resentencing and standard of review**

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision (b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense. (§ 1172.75, subd. (a).) If a judgment includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (*Id*., subd. (c).) Those who qualify are entitled to a full resentencing, at which the trial court "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity in sentencing." (§ 1172.75, subd. (d)(2).)[4]

---

[4] "The court may consider postconviction factors, including . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3); *People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

3

One such change in the law is found in section 1385, subdivision (a), which permits a trial court to strike an allegation or vacate a finding under the Three Strikes law that the defendant has previously been convicted of a qualifying strike offense. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530.) In deciding whether to do so, the court "must consider whether, in light of the nature and circumstances of [the defendant's] present . . . and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) " '[T]he circumstances must be "extraordinary . . . [for] a career criminal [to] be deemed to fall outside the spirit of the very scheme within which he squarely falls." ' " (*People v. Mendoza* (2022) 74 Cal.App.5th 843, 856, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).)

A trial court's denial of a *Romero* motion is reviewed for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 376.)

**2.	The trial court acted within its discretion in refusing to strike appellant's strikes**

Appellant has not met his burden of showing that the trial court's sentencing decision was "irrational or arbitrary." (See *Carmony*, *supra*, 33 Cal.4th at p. 377.) In his supplemental brief, appellant argues that the trial court did not adequately consider the "corrective measures" he has taken while in prison. But he argued in his motion for resentencing that his activities in prison supported a sentence reduction, and nothing in the record affirmatively shows that the court failed to consider this factor or

4

the evidence appellant gave in support of it.  " 'The court is presumed to have considered all relevant factors unless the record affirmatively shows the contrary.' " (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1102.)  Based on the "very brutal" nature of the knife attack, and (to a lesser extent) on appellant's 2023 conviction for an unknown offense while in prison, the trial court concluded that appellant fell within the spirit of the Three Strikes law.  This decision was neither irrational nor arbitrary.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.          CHAVEZ, J.          GILBERT, J.*

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5