Filed 7/20/22  P. v. Allen CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRED WILLIAM ALLEN,<br><br>Defendant and Appellant. | F082754, F082755<br><br>(Super. Ct. Nos. MCR064869A, MCR063815)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]	Before Levy, Acting P. J., Smith, J. and Snauffer, J.

In this consolidated appeal, defendant Fred William Allen challenges the sentence imposed by the trial court as violating preferences set out in the relevant statutory language. Defendant further contends that because trial counsel failed to object to the sentence at the time it was imposed, he was provided ineffective assistance of counsel. Our review indicates defendant forfeited the ability to challenge his sentence on appeal by not objecting in the trial court when the sentence was imposed, and failed to meet his burden of establishing the failure was due to trial counsel's ineffective assistance at the time of sentencing. We affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

On November 14, 2019, defendant stipulated that while in Courthouse Park in Madera County on July 23, 2019, he was found with three separate prepackaged plastic bindles containing black tar heroin in his backpack. Defendant admitted he was aware these packages contained heroin and that he intended to sell or distribute it to others. Defendant also stipulated that on November 5, 2019, he was found in a vehicle in Madera County while in possession of multiple packages of methamphetamines. Defendant also admitted he was aware the baggies were present in the vehicle, that he understood the baggies contained methamphetamines, and that he possessed these substances for the purpose of sale or distribution.

On July 25, 2019, a complaint was filed charging defendant with unlawful possession of a controlled substance for sale (Health & Saf. Code,[1] § 11351, a felony; count 1), and unlawful possession of a device for smoking a controlled substance (§ 11364, subd. (a), a misdemeanor; count 2).[2] An additional complaint was filed on

---

[1] All future statutory references are to the Health and Safety Code unless otherwise noted.

[2] This complaint is Madera County Superior Court case No. MCR064815, which is appealed here in F082755.

November 7, 2019, against defendant charging him with possession of a controlled substance for sale (§ 11378, a felony; count 1), and possession of an illegal device (§ 11364, subd. (a), a misdemeanor; count 2).[3]

Pursuant to a negotiated plea agreement, defendant pled nolo contendre on November 14, 2019, to count 1 in the complaint filed on July 25, 2019, and count 1 in the complaint filed on November 7, 2019. The remaining counts alleged in these two complaints were then dismissed. Consistent with the plea agreement, defendant was sentenced in both cases to three years of probation on December 16, 2019.

On February 24, 2020, defendant admitted he was in violation of his probation due to two new violations of section 11377, subd. (a).[4] After adjusting for custody and credit days, the trial court reinstated defendant's probation. On January 5, 2021, in a petition to revoke defendant's probation, a probation officer alleged defendant had failed to report to the probation department as required, both after his release from custody, and for a monthly appointment on January 4, 2021. On January 22, 2021, defendant admitted to another violation of probation, resulting in the filing of yet another criminal complaint against him in the Madera County Superior Court.[5]

After defendant's request to reinstate probation was denied, defendant was sentenced to a jail term of two years eight months, calculated as follows: two years in county jail (the lower term for a violation of § 11351) in case No. MCR063815, plus eight months (one-third the middle term for a violation of § 11378) for case No. MCR064869. These appeals followed.

---

[3] This complaint is Madera County Superior Court case No. MCR064869, which is appealed here in F082754.

[4] This resulted in the filing of a new complaint against defendant in Madera County in case No. MCR065411, which is not part of this appeal.

[5] This complaint was filed in case No. MCR066253, which again is not part of this appeal.

3

**<u>DISCUSSION</u>**

Defendant's two appeals focus on the claim the trial court failed to apply the statutory preference for a split sentence as stated in Penal Code section 1170, and that his trial counsel's failure to raise this argument at the time of sentencing amounted to ineffective assistance of counsel.

## I.      Defendant Forfeited the Argument He Was Entitled to a Split Sentence

Pursuant to Penal Code section 1170, subdivision (h)(5)(A), and under appropriate circumstances, a court can order a portion of a sentence to be served in a county jail and suspend the concluding portion of the term for a period selected by the trial court.  The portion of a defendant's term that is suspended is known as mandatory supervision and may only be terminated early by court order.  (Pen. Code, § 1170, subd. (h)(5)(B).)  This type of sentence is commonly referred to as a split sentence.  (Couzens et al., Sentencing California Crimes (The Rutter Group 2021) § 11:9.)  When available, the language of Penal Code section 1170, subdivision (h)(5)(A) states there is a preference for split sentences "[u]nless the court finds, in the interest of justice, that it is not appropriate in a particular case .…"

California Rules of Court, rule 4.415(a),[6] further emphasizes that courts should only deny these split sentences in limited circumstances.  Rule 4.415(b) provides a list of criteria a trial court may consider when it contemplates denying a split sentence.  Among the criteria a trial court may consider is a defendant's present status on probation.  (Rule 4.415(b)(2).)  The court may also consider the particular circumstances of the case and the defendant's past performance while under supervision.  (Rule 4.415(b)(4).)  The consideration of these criteria necessarily requires the exercise of discretion by a trial court at the time of sentencing.

---

**6**      All further rule references are to the California Rules of Court.

4

" '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1102.) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)

Sentencing a defendant requires the participation of various parties. For instance,

> "The parties have ample opportunity to influence the court's sentencing choices under the determinate scheme. As a practical matter, both sides often know before the hearing what sentence is likely to be imposed and the reasons therefor. Such information is contained in the probation report, which is required in every felony case and generally provided to the court and parties before sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 350–351.)

Ultimately, the court in *Scott* concluded parties should be required to promptly detect and seek corrections of error, to reduce unnecessary claims in the appellate courts, or risk the possibility of forfeiting or waiving claims related to a sentencing court's discretionary choices. (*People v. Scott*, *supra*, 9 Cal.4th at pp. 352–353.)

There is no requirement that a court announce a "tentative" sentence, inviting the parties to raise objections. All that is required is that the court show a willingness to consider objections, or there is time available in the process to allow the parties to consider what the court is proposing as a sentence. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.) "It is only if the trial court fails to give the parties any meaningful opportunity to object that the *Scott* rule becomes inapplicable." (*Ibid*.)

The probation report filed on February 17, 2021,[7] and available to all the parties before the March 12, 2021 hearing, recommended that probation be denied. When

---

[7] The probation report was signed by the judge on February 22, 2021, acknowledging he had read and reviewed the contents.

addressing its recommendation for sentencing in the two cases on appeal here, the report stated:

> "In Cases MCRO63815 and MCRO64869A, which are felony grants of probation[,] he will expire in those cases in December 2021 and will not be available for probation services. In Cases MCRO63815 and MCRO64869A, factors in mitigation preponderate in each case and support implementation of the lowest term in County Jail per 1170(h) PC. The defendant appears to be eligible for the Mandatory Supervised Release Program, but as he has demonstrated his non-compliance in four cases he is viewed as an unsuitable candidate for said program."

Defendant was ultimately sentenced to a jail term of two years eight months, consisting of two years in county jail (the lower term for a violation of § 11351) in case No. MCR063815, plus eight months (one-third the middle term for a violation of § 11378) for case No. MCR064869. At the sentencing hearing held on March 12, 2021, the judge noted defendant "openly" admitted his violations of probation, and that the probation department was not recommending the reinstatement of probation. Later in the hearing, the judge specifically asked defense counsel if he wanted to speak to the probation report, which actually included a recommendation not to impose a split sentence.[8] Counsel for defendant responded simply, "I'll submit, Your Honor."

The probation report had been available to every party in this matter for over three weeks before defendant was sentenced. At the sentencing hearing, the judge indicated his agreement with the recommendations made in the probation report and gave defendant's attorney the opportunity to speak to that recommendation. Given this record, even if defendant had preserved his ability to challenge the sentence by objecting below, we cannot conclude the decision made by the trial court to sentence defendant rather than impose a split sentence was either irrational or arbitrary.

---

[8]     This involves the reference to the "Mandatory Supervised Release Program."

6

**II.  Defendant Fails to Meet His Burden on the Claim of Ineffective Assistance of Counsel**

Defendant contends that by failing to object to the sentence imposed by the trial court he received ineffective assistance of counsel.

"It is particularly difficult to prevail on an *appellate* claim of ineffective assistance.  On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

We are not persuaded by defendant's assertion that his trial counsel's failure to raise the issue below constitutes ineffective assistance of counsel.  To establish ineffective assistance of counsel, defendant must show his counsel's performance was both deficient and prejudicial.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 694.)  On review, we adjudicate an ineffective assistance claim solely on the issue of prejudice, without determining the reasonableness of counsel's performance.  (*Id*. at p. 697.)  To establish prejudice, the defendant must make a showing "sufficient to undermine confidence in the outcome" that but for counsel's deficient performance there was a "reasonable probability that … the result of the proceeding would have been different."  (*Strickland*, at p. 694; see also *People v. Ledesma* (1987) 43 Cal.3d 171, 217–218.)  Therefore, a petitioner must establish ineffective assistance of counsel as " 'a demonstrable reality and not [as] a speculative matter.' "  (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

Based on this standard we cannot conclude that any objection to the lack of a split sentence made it reasonably probable that another sentence would have been

7

imposed.  The record established that defendant failed to abide by the restrictions placed on him during the two chances he had been given by being placed on probation. Defendant not only failed to report to the probation department when required to do so, but also committed additional crimes during that same period.  Defendant's history and past performance on probation provided a valid reason for the denial of a split sentence. (See rule 4.415(b)(2), (4).)  Defendant has failed to show that there was a reasonable probability he would have received a different sentence had trial counsel raised an objection asking for a split sentence before the sentence was imposed in this case.

## **DISPOSITION**

The judgment is affirmed.